```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| PETER C. HARVEY, Attorney General of State of New Jersey, and JEFFREY C. BURSTEIN, Acting Director of New Jersey Division of Consumer Affairs, | CIVIL ACTION NO. 05-1606 (MLC) **MEMORANDUM OPINION** **FILED: AUGUST 8, 2005** |
| Plaintiffs, |  |
| v. |  |
| BLOCKBUSTER, INC., |  |
| Defendant. |  |

**COOPER, District Judge**

**APPEARANCES**

Peter C. Harvey, Attorney General of the State of New Jersey (Cathleen O'Donnell of counsel), Newark, N.J., plaintiff pro se, and for plaintiff Jeffrey C. Burstein.

DeCotiis, FitzPatrick, Cole & Wisler, LLP (Benjamin Clarke of counsel), Teaneck, N.J., and Vinson & Elkins, L.L.P. (Robert C. Walters and Michael L. Raiff of counsel), Dallas, Texas, for defendant.

The plaintiffs brought this action in state court to recover civil penalties and for a permanent injunction under the New Jersey Consumer Fraud Act ("NJCFA") and regulations promulgated thereunder. (Compl., at 2-12.) The defendant — Blockbuster, Inc. ("BBI"), which is a Delaware corporation with its principal place of business in Texas — removed the action to this Court under (i) 28 U.S.C. § ("Section") 1332(a)(1), and (ii) the Class

Action Fairness Act, Sections 1332(d)(1)(B) and (2)(A).  (Rmvl. Not., at 2-6.)[1]

The plaintiffs move to remand the action and for an award of costs and expenses incurred from the removal.  The Court, under Federal Rule of Civil Procedure ("Rule") 78, will decide the motion without oral hearing and on the papers.  The Court will grant only the part of the motion seeking remand.

## BACKGROUND

BBI is "engaged in the retail rental and/or sale of merchandise to consumers in th[e] State [of New Jersey] and elsewhere including, but not limited to, DVDs, VHS tapes and video and computer games."  (Compl., at 3; see Ans., at 2.)  The plaintiffs — (1) Peter C. Harvey, Attorney General of the State of New Jersey, and (2) Jeffrey C. Burstein, Acting Director of the New Jersey Division of Consumer Affairs — brought this action in New Jersey Superior Court, Mercer County.  (Compl., at 1-2.)  They allege that BBI violated the NJCFA by "[f]ailing to clearly and conspicuously disclose the terms of 'The End of Late Fees' [or] 'No More Late Fees' policy in its advertisements, in-store signage and through store personnel."  (Id. at 9.)

BBI removed the action under Section 1332(a)(1) and Sections 1332(d)(1)(B) and (2)(A).  The plaintiffs move:  (1) to remand,

---

[1] BBI also cited Section 1453(b), which sets forth the removal procedure for an action purportedly falling under Section 1332(d).  (Rmvl. Not., at 2.)

arguing that jurisdiction is lacking under (a) Section 1332(d) since this is not a class action, and (b) all of Section 1332 since the action lacks diversity of citizenship; and, (2) for an award of costs and expenses incurred from the removal pursuant to Section 1447(c).  (Pl. Br., at 4-6.)[2]

    BBI argues in opposition that this is a class action — and there is jurisdiction — under Section 1332(d) because:  (1) the plaintiffs are acting in a representative capacity; and, (2) Congress rejected an amendment creating an exception for consumer-fraud actions brought by attorneys general — even though Section 1332(d) excludes actions wherein a state official is the primary defendant, see 28 U.S.C. § 1332(d)(5)(A) — and thus intended to treat this type of action as a class action.  (Def. Br., at 1-6.)  BBI also argues that the New Jersey citizenship of the named plaintiffs and unnamed New Jersey citizens benefiting from any relief awarded should be considered for the purposes of determining jurisdiction under Section 1332.  (Id. at 10; 5-13-05 Def. Letter, at 1-2.)

---

    [2]  No party asserts that the action concerns a claim, a defense, or preemption "arising under the [federal] Constitution, laws, or treaties" pursuant to Section 1331.

**DISCUSSION**

**I.     Section 1332(a)(1); Sections 1332(d)(1)(B) & (2)(A)**

   **A.     Section 1332(a)(1)**

The Court has jurisdiction under Section 1332(a)(1) "of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." An action is not properly removed thereunder unless there is "complete diversity" between each plaintiff and each defendant. CGB Occ. Therapy v. RHA Health Servs., 357 F.3d 375, 381 n.6 (3d Cir. 2004).

   **B.     Sections 1332(d)(1)(B) & (2)(A)**

The Court has jurisdiction under Section 1332(d), in relevant part, "of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). A "class action" is defined as a "civil action filed under [R]ule 23 . . . or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Thus, an action is not properly removed thereunder unless (1) it meets the definition of a class action, and (2) there is "minimal diversity" of citizenship. Knudsen v. Liberty Mut. Ins. Co., 411 F.3d 805, 806

4

(7th Cir. 2005).  <u>See</u> S.Rep. No. 109-14, at 28 (2005) (using phrase "balanced diversity").[3]

### C. Burden Of Demonstrating Propriety Of Removal

A defendant removing an action generally bears the initial burden of demonstrating that an action should not be remanded to state court.  <u>Dev. Fin. Corp. v. Alpha Hous. & Health Care</u>, 54 F.3d 156, 158 (3d Cir. 1995).  But it appears that the party opposing removal under Section 1332(d) bears the initial burden of demonstrating that an action should be remanded.  <u>See</u> S.Rep. 109-14, at 42-44.  <u>See also</u> 151 Cong.Rec. H723-01, at H727 & H732 (2005) (statements of Reps. Sensenbrenner and Goodlatte).[4]

---

[3] The plaintiffs brought this action in state court on February 18, 2005, for alleged NJCFA violations beginning seven weeks before on January 1, 2005.  (Compl., at 1 & 4.)  In support of the motion, the plaintiffs do not clarify whether the matter in controversy exceeds $5,000,000, exclusive of interest and costs.  An analysis of Section 1332(d) may have been unnecessary if the plaintiffs had: (1) brought the action in state court at any point during the seven-week period preceding February 18, 2005, as Section 1332(d) applies only to actions commenced on or after February 18, 2005, <u>see</u> Pub.L. No. 109-2, § 9, 119 Stat. 4, 14 (2005); or, (2) asserted that the value was at or below $5,000,000, exclusive of interest and costs.

[4] The Court — in view of the lack of case law addressing Section 1332(d) — will refer to the underlying Senate Report and Congressional Record for guidance.

**II. Part Of Motion Seeking Remand**

   **A. Whether Action Is Class Action Under Sections 1332(d)(1)(B) & (2)(A)**

Several attorneys general — as Section 1332(d) does not exempt actions brought by state officials — expressed concern in a letter to the Senate that Section 1332(d) might adversely affect their ability to pursue claims on behalf of consumers:

> State Attorneys General frequently investigate and bring actions against defendants who have caused harm to our citizens, usually pursuant to the Attorney General's <u>parens patriae</u> authority under our respective state consumer protection and antitrust statutes.  In some instances, such actions have been brought with the Attorney General acting as the class representative for the consumers of the state.  We are concerned that certain provisions of [Section 1332(d)] might be misinterpreted to impede the ability of the Attorneys General to bring such actions, thereby interfering with one means of protecting our citizens from unlawful activity and its resulting harm. . . . [Section 1332(d)] therefore should be amended to clarify that it does not apply to actions brought by any State Attorney General on behalf of his or her respective state or its citizens.

151 Cong.Rec. S999-02, at S1003 (2005).  A proposed amendment to explicitly exempt an action brought by an attorney general from the reach of Section 1332(d) was defeated in the Senate.  <u>See</u> 151 Cong.Rec. S1157-02, at S1157-58 (2005).

BBI construes the defeat of the proposed amendment as an indication that an action brought under NJCFA by state officials may be considered to be a class action under Section 1332(d).  But the debate underlying that defeat reveals that:

> the amendment [was] not necessary. . . . State attorneys general have authority under the laws of every State to bring enforcement actions to protect their citizens. Sometimes these laws are <u>parens patriae</u> cases, similar to class actions in the sense that the State attorney general represents the people of that State.  In other instances, their actions are brought directly on behalf of that particular State.  But **they are not class actions**; rather, they are very unique attorney general lawsuits authorized under State constitutions or under statutes.
>
> One reason this amendment is not necessary is because **our bill will not affect those lawsuits**.  Our bill provides class actions under that term "class action" as defined to mean any civil action filed in a district court of the United States under rule 23 of the Federal Rules of Civil Procedure or any civil action removed to a district court that was originally filed under State statute or rule authorizing an action to be brought by one or more representatives as a class action.
>
> The key phrase there is "class action."  Hence, because almost all civil suits brought by State attorneys general are <u>parens patriae</u> suits, similar representative suits or direct enforcement actions, it is clear they do not fall within this definition.  That means that **cases brought by State attorneys general will not be affected by this bill**.

151 Cong.Rec. S1157-02, at S1163 (statement of Sen. Grassley)

(emphasis added).  The point was made several times that:

> this amendment, which excludes from the scope of this legislation any "civil action brought by or on behalf of, the Attorney General of any State," is unnecessary. . . .
>
> State attorneys general have authority under the laws of every State in this country to bring enforcement actions to protect their citizens.  These suits, known commonly as <u>parens patriae</u> cases, are similar to class actions to the extent that the attorney general represents a large group of people.

7

> But let me be **perfectly clear that they are not class actions.**
>
> There is no certification process, there are no representative class members named in the complaint, and plaintiffs' attorneys who stand to gain millions of dollars in fees. Rather, they are unique lawsuits authorized under State constitutions or State statutes that are brought on behalf of the citizenry of a particular State. These actions are brought typically in consumer protection matters under State law and usually involve local disputes. As such, **[Section 1332(d)] in no way affects these lawsuits.**
>
> . . . [T]he bill applies only to class actions, and not parens patriae actions. Class actions being those lawsuits filed in Federal district court under rule 23 of the Federal rules of civil procedure or lawsuits brought in State court as a class action. Neither of these conditions are met when compared to the nature of a parens patriae action, and consequently, are **excluded from the reach of this bill**.

151 Cong.Rec. S1157-02, at S1163-64 (statement of Sen. Hatch) (emphasis added). Thus, as to "statutes that are typical of every State — deceptive trade practice acts and consumer protection statutes — which . . . specifically authorize the attorney general to seek remedies on behalf of aggrieved consumers," it was Congress's intent that "[t]his bill certainly . . . not encroach on that authority." Id. at S1162 (statement of Sen. Cornyn). See id. at S1160 (statement of Sen. Specter stating same).

The plaintiffs have met their initial burden of showing that jurisdiction under Section 1332(d) is lacking since the action is not a class action as defined by the statute. (Pl. Br., at 3-5.)

8

BBI has failed to rebut this argument.  The complaint reveals that the plaintiffs seek civil penalties and a permanent injunction under the NJCFA, and "is based on [the State's] parens patriae power."  Cosentino v. Philip Morris Inc., No. MDL-L-5135-97, 1998 WL 34168879, at *3 (N.J. Super. Ct. Oct. 22, 1998) (concerning action brought by attorney general under NJCFA).  The Court lacks jurisdiction under Section 1332(d).

    **B.    Diversity Of Citizenship Under All Of Section 1332**

Whether the diversity of citizenship between the plaintiffs and BBI is either complete or minimal is a secondary issue.  The first issue is whether the action can be viewed as being between citizens of different states.

BBI argues that Section 1332(d) was intended to bring about broad changes for assessing jurisdiction under Section 1332. (Def. Br., at 2.)  But "these general sentiments do not provide carte blanche for federal jurisdiction."  Pritchett v. Off. Depot, 404 F.3d 1232, 1237 n.6 (10th Cir. 2005) (granting motion to remand action because it was commenced before Section 1332(d) enacted).  Furthermore, "for purposes of the citizenship element of this analysis, [Section 1332(d)] does not alter current law regarding how the citizenship of a person is determined."  S.Rep. No. 109-14, at 36.  See 151 Cong.Rec. H723-01, at H729 (statement of Rep. Sensenbrenner that "for purposes of the citizenship element of this analysis, [Section 1332(d)] does not alter current law.")

### 1. Citizenship of state or alter ego

It has been, for at least seventy-six years:

> well settled that a suit between a state and a citizen or a corporation of another state is not between citizens of different states; and that [a federal court] has no jurisdiction of it, unless it arises under the [federal] Constitution, laws or treaties.

State Hwy. Comm'n v. Utah Constr. Co., 278 U.S. 194, 200 (1929). See Stone v. S.C., 117 U.S. 430, 433 (1886) (stating "[t]here is no statute which authorizes the removal of a suit between a state and citizens on the ground of citizenship, for a state cannot, in the nature of things, be a citizen of any state"); Brown v. Francis, 75 F.3d 860, 865 (3d Cir. 1996) (stating same).  It follows that "neither a state nor its alter ego is a citizen for purposes of diversity jurisdiction." Harris v. Pa. Tpk. Comm'n, 410 F.2d 1332, 1333 n.1 (3d Cir. 1969).  Thus, "a suit between a state, or its alter ego, and a citizen of another state is not a suit between citizens of different states and diversity jurisdiction does not exist." Id.

### 2. Whether state official is state's alter ego[5]

"A suit by an agent of the state as a nominal party in behalf of the state presents a controversy to which the state is a party, and cannot be removed to [federal] court as a controversy

---

[5] The disposition of the motion would have been simplified, and the discussion under Parts II.B.2 and 3 would have been unnecessary, if the "State of New Jersey" had been named as the sole plaintiff.  See Part II.B.1, supra.

between citizens." Robertson v. Jordan River Lumber Co., 269 F. 606, 607 (5th Cir. 1921) (directing remand of action brought by Mississippi revenue agent concerning title to Mississippi land). See Gunter v. Ago Int'l, 533 F.Supp. 86, 88 (N.D. Fla. 1981) (stating official acting on behalf of state is generally alter ego of state and not citizen for diversity purposes). Thus, "[w]hen a state official is a party to a proceeding over which diversity jurisdiction is alleged, whether the respective state is itself the real party in interest is a question to be determined from the essential nature of the proceeding." Nuclear Eng'g Co. v. Scott, 660 F.2d 241, 250 (7th Cir. 1981) (cite and quotes omitted).

 The state is the real party in interest when an action concerns a type of "injury" that the state either has addressed or would likely attempt to address through its laws to further the "well-being of its populace." Snapp & Son, Inc. v. P.R., 458 U.S. 592, 602, 605, 607 (1982). The action cannot be "personal" to the named official. N.E. Fed. Cred. Un. v. Neves, 837 F.2d 531, 533 (1st Cir. 1988) (directing remand in action brought against state tax assessor seeking to levy credit union account). Thus, an attorney general or other official is considered to be a state's alter ego, and that official's citizenship is not considered "for diversity purposes[,] when he seeks to enforce a state law claim on behalf of the state." Aldens, Inc. v. Packel,

11

524 F.2d 38, 52 (3d Cir. 1975).  See Burch v. Snider, 461 F.Supp. 598, 601-02 (D. Md. 1978) (stating same in dismissing claim brought by Maryland attorney general for lack of Section 1332 jurisdiction).  See also Glenmede Tr. Co. v. Dow Chem. Co., 384 F.Supp. 423, 431 (E.D. Pa. 1974) (stating same in remanding action concerning charitable trust where Pennsylvania attorney general named defendant).

### 3. This action

That the plaintiffs brought this action "in [their] official capacit[ies] on behalf of the State of [New Jersey] is abundantly clear from an examination of the complaint," which asserts claims for enforcement of the NJCFA.  Nuclear Eng'g, 660 F.2d at 250 (reversing district court's denial of motion to remand action brought by Illinois attorney general against waste facility for violating Illinois environmental law).  The attorney general also is authorized to bring an action under NJCFA and seek relief thereunder.  See N.J.S.A. § 56:8-2, et seq.

BBI's argument that its citizenship is diverse from that of the unnamed New Jersey citizens who may benefit from the action — and thus there is jurisdiction under Section 1332 — is without merit.  The action seeks, inter alia, to permanently enjoin BBI from allegedly violating NJCFA, which would directly benefit all New Jersey consumers, and thus "it is obvious that the State's interest in this lawsuit extends beyond vindicating the rights of

one individual."  Brooks v. Tyger Constr. Co., No. 90-24, 1990 WL 488977, at *2 (M.D.N.C. Apr. 30, 1990) (granting motion to remand action brought by North Carolina Labor Commissioner to enforce state workplace-safety law, even though action arose due to certain employee's discharge).  See Ill. v. Hunt Int'l Res. Corp., 481 F.Supp. 71, 74 (N.D. Ill. 1979) (granting motion to remand action brought by Illinois attorney general concerning state consumer-fraud-law violation; rejecting argument that citizenship of unknown class members should be considered); Kansas v. Home Cable, 35 F.Supp.2d 783, 784-86 (D. Kan. 1998) (granting motion to remand action brought by Kansas attorney general to enforce state consumer-protection law; rejecting argument that citizenship of actual aggrieved consumers should be considered).[6]

The plaintiffs, as they bring the action on behalf of the interests of New Jersey citizens in general, are "the alter ego[s] of the State.  Therefore, [they are] not citizen[s] for purposes of 28 U.S.C. § 1332."  Hunt Int'l, 481 F.Supp. at 74. See Eure v. NVF Co., 481 F.Supp. 639, 641 (E.D.N.C. 1979) (granting motion to remand action brought by North Carolina secretary of state for injunctive relief under state law

---

[6] See Comm'r of Labor v. Dillard's, Inc., 83 F.Supp.2d 622 (M.D.N.C. 2000) (granting motion to remand action brought by North Carolina Labor Commissioner to enjoin violation of state employment-discrimination law; rejecting argument that citizenship of actual aggrieved employee should be considered).

13

concerning stock purchase); <u>Olsen v. Doerfler</u>, 225 F.Supp. 540, 541 (E.D. Mich. 1963) (granting motion to remand action brought by Michigan county attorney to enjoin sale of material under state obscenity law). The Court lacks jurisdiction under Section 1332 because this is not an action between citizens of different states.

    **C.**    **Conclusion As To Part Of Motion Seeking Remand**

The Court lacks jurisdiction here under Section 1332(d) because the action is not a class action pursuant to the statute. The Court also lacks jurisdiction under Section 1332 overall because this is not an action between citizens of different states; rather, it is between a state and a citizen of another state. The part of the motion seeking remand of the action to state court will be granted.

**III. Part Of Motion Seeking Costs and Expenses**

Section 1447(c) provides that an "order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Court has broad discretion over whether to require payment of costs and expenses. <u>See</u> <u>Mints v. Educ. Testing Serv.</u>, 99 F.3d 1253, 1260 (3d Cir. 1996).

BBI, although not successful, provided a good-faith argument for removal. The issues here are replete with uncertainty and complexity because Section 1332(d) was enacted less than six

months ago and, thus, explanatory case law is lacking. See Schwartz v. Liberty Mut. Ins. Co., No. 01-2049, 2001 WL 1622209, at *7 (E.D. Pa. Dec. 18, 2001) (granting part of motion seeking remand of action removed under Section 1332, but denying part seeking costs); Penn v. Wal-Mart Stores, 116 F.Supp.2d 557, 570 (D.N.J. 2000) (same); Gul v. Pamrapo Sav. Bank, 64 F.Supp.2d 370, 373 (D.N.J. 1999) (same in action removed under National Labor Relations Act). Thus, the Court will deny the part of the motion seeking costs and expenses.

## CONCLUSION

The plaintiffs have demonstrated that the Court lacks jurisdiction here under Section 1332(d). In addition, BBI has failed to demonstrate that jurisdiction under Section 1332 overall exists. However, the plaintiffs are not entitled to an award of costs and expenses under the circumstances. Thus, the Court will grant only the part of the motion seeking remand of the action to state court.

The Court will issue an appropriate order and judgment.

              s/ Mary L. Cooper  
              **MARY L. COOPER**  
              United States District Judge